UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

        Plaintiff,

v.

Shaun Nelson,

        Defendant.

Case No. 3:20-cr-633

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION AND BACKGROUND

Defendant Shaun Nelson, who currently is incarcerated at Federal Medical Center Lexington, located in Lexington, Kentucky, seeks an order granting him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 45). Nelson pled guilty to one count of possession of a firearm while subject to a court order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2), and one count of making a false statement during the purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). (*See* non-document entry dated June 10, 2021). I subsequently sentenced Nelson to 12 months and 1 day in custody and 3 years supervised release as to both counts, with the sentences to be served concurrently. (Doc. No. 42). Nelson did not appeal.

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the

defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Nelson asserts he has complied with the exhaustion requirement, as more than 30 days passed between the date on which he submitted his administrative request in December 2020 and the date on which he filed his motion. (Doc. No. 45 at 1).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Nelson asserts the Covid-19 crisis and his serious health conditions, including type 1 diabetes and chronic asthma, constitute extraordinary and compelling reasons to justify his release. (Doc. No. 45 at 1). He also expresses fear for his health because he is in close proximity to inmates who have tested positive for Covid-19.

I conclude I must deny Nelson's motion based upon binding Sixth Circuit caselaw, which holds that a vaccinated defendant's "incarceration during the Covid-19 pandemic . . . does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). *See also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir.

2021). Nelson indicates he currently is being vaccinated against Covid-19 at FMC Lexington. (*See* Doc. No. 45).

While I am sympathetic to Nelson's concerns for his health, the Sixth Circuit has held a district court abuses its discretion by granting a defendant's § 3582(a) motion "when the inmate 'largely faces the same risk from Covid-19 as those who are not incarcerated' after being vaccinated." *United States v. Sweet*, Case No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021) (quoting *Lemons*, 15 F.4th at 751).

Nelson has not shown he faces any greater risk of serious consequences from a potential Covid-19 infection while incarcerated than he would if released. Therefore, I conclude he has not established extraordinary and compelling reasons to support a reduction in his sentence.

### III. CONCLUSION

For these reasons, I deny Nelson's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 45).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge